UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY CHARLES BEEBE, Petitioner, v. DAVID SHOOK, Respondent. | Case No. 3:26-cv-05487-JCC-TLF<br><br>ORDER DIRECTING SERVICE AND ANSWER |

This is a federal habeas action filed under 28 U.S.C. § 2241. Petitioner is currently detained at **Clark County Jail**. The Court, having reviewed Petitioner's federal habeas petition, hereby finds and **ORDERS** as follows:

(1) The Clerk is directed to issue the Notice of Option to Consent to Magistrate Judge Theresa L. Fricke.

(2) The Clerk shall arrange for service, by first class mail upon Respondent and the Clark County Prosecuting Attorney, of copies of the petition (Dkt. 4), any other documents filed in support of the petition, the Notice of Consent, and this Order. The Clerk shall also direct a copy of this Order, the Notice of Consent, and of the Court's *pro se* instruction sheet to Petitioner.

(3) Within ***thirty (30) days*** after such service, Respondent shall show cause why a writ of habeas corpus should not be granted by filing a Return. The Return shall first address whether § 2241 is the proper vehicle for addressing Petitioner's challenge and

if jurisdiction lies with the custodial court. S*ee generally Hernandez v. Campbell,* 204 F.3d 861 (9th Cir. 2000). If the challenge may proceed under § 2241 and is properly before this Court, then Respondents shall also address and submit evidence relevant to Petitioner's allegation. Respondents shall file the Return with the Clerk of the Court and shall serve a copy upon Petitioner.

The Return will be treated in accordance with LCR 7. Accordingly, on the face of the Return, Respondent shall note it for consideration no earlier than 28 days after filing. Petitioner may file and serve a response not later than 21 days after the filing date of the Return, and Respondent may file and serve a reply brief not later than 28 days after the return is filed.

(4) If petitioner's custody status changes at any point during this litigation, respondent(s) shall file a status update with the Court as soon as possible and no later than 14 days after the change.

(5) <u>Filing by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All non-attorneys, such as pro se parties and/or prisoners, may continue to file a paper original with the Clerk. All filings must indicate in the upper right-hand corner the name of the United States Magistrate Judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for

Chambers." Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(6) Motions

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

(7) Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

The Clerk is directed to send copies of this Order to Petitioner and the Honorable John C. Coughenour.

…

Dated this 5th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge