UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY CHARLES BEEBE,

Petitioner,

v.

DAVID SHOOK,

Respondent.

Case No. 3:26-cv-05487-JCC-TLF

REPORT AND RECOMMENDATION

NOTED FOR OCTOBER 28, 2026

This matter comes before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt.1 For the reasons set forth below, the petition should be DISMISSED as moot.

**BACKGROUND**

Petitioner filed this petition on May 11, 2026. Dkt. 1. At the time he filed the petition, petitioner was detained in the Clark County Jail in connection with a pending state criminal case, *State of Washington v. Jeremy Beebe*, No. 26-1-00601-06. Dkt. 9, Declaration of Lauren Boyd at Ex. A (the judgment and sentence for the Petitioner's Clark County conviction in case number 26-1-00601-06). Petitioner challenged the circumstances of his pretrial detention, alleging that he had been detained for 24 days without an attorney, that he was being held without bail pursuant to a federal hold, and that his arrest and the search of his property were unlawful because they were not supported by probable cause. Dkt. 4 at 2, 6.

On August 5, 2026, the Court directed service upon respondent and the Clark County Prosecuting Attorney. Dkt. 5. On August 26, respondent filed a custody status update with the Court, notifying the Court that petitioner was no longer in custody of Clark County or David Shook. Dkt. 8 at 7.

The accompanying records show petitioner pled guilty and was sentenced in his state criminal case and that the federal supervised-release violation proceedings were resolved on July 30, 2026. Dkt. 9, Boyd Decl. at Exs. A, B (electronic minutes from the petitioner's federal disposition following the supervised release hearing on July 30, 2026 in case number 3:24-cr-05187-TMC.).

On September 3, 2026, respondent filed their return brief, arguing, among other things, that the petition is moot because petitioner is no longer in respondent's custody and the proceedings underlying his pre-trial claims have been resolved. Dkt. 10. On August 17, 2026 and September 21, 2026, mail addressed to petitioner was returned as undeliverable. Dkts. 7, 11.

**DISCUSSION**

Federal habeas relief is available under § 2241 while a petitioner is in pretrial custody if the petitioner has exhausted state court remedies, and "special circumstances" exist that justify intervention. *See Braden v. 30th Judicial Circuit Court of Kentucky* , 410 U.S. 484, 489 (U.S. 1973). But after a state prisoner is convicted and sentenced, a habeas claim filed under § 2241 concerning his pre-trial confinement becomes moot. *See Medina v. State of California*, 429 F.2d 1392, 1393 (9th Cir. 1970) (petition for writ of habeas corpus regarding revocation of bail was mooted by petitioner's subsequent conviction).

The "case-or-controversy" requirement of Article III, § 2, of the United States Constitution requires that a habeas corpus petitioner must have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Accordingly, a case is moot when it is impossible for the court to grant relief to the prevailing party. *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).

Petitioner's habeas corpus petition challenged the circumstances of his pretrial detention in the Clark County Jail and his detention pursuant to a federal hold while the supervised-release violation proceedings were pending. Dkt. 4 at 2, 6. Since petitioner filed the petition, petitioner has pled guilty and has been sentenced in his state criminal case. Dkt. 9, Boyd Decl., Ex. A. He also admitted the allegations underlying the supervised-release violation in *United States v. Jeremy Beebe*, No. 3:24-cr-05187-TMC, and was remanded to federal custody following the resolution of those proceedings. Dkt. 9, Boyd Decl., Ex. B.

There remains no effective relief available under § 2241 for petitioner with respect to the claims asserted in his petition. The Court therefore recommends dismissal as MOOT.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DISMISS the petition for writ of habeas corpus with prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 28, 2026, as noted in the caption.

Dated this 13th day of October, 2026.

Theresa L. Fricke
United States Magistrate Judge